IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | No. 4:04cr00117 SWW |
| | * | |
| | * | |
| | * | |
| CARL WILEY, | * | |
| | * | |
| Defendant. | * | |

ORDER

This Court has received a letter from defendant Carl Wiley dated March 16, 2009 (attached), challenging the manner in which the Bureau of Prisons ("BOP") is calculating his sentence. This Court cannot act on allegations in a letter. However, defendant is not precluded from filing an appropriate action challenging the manner in which the BOP is calculating his sentence (although the Court expresses no opinion on the merits of any such action).[1]

IT IS SO ORDERED this 1st day of April 2009.

UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the authority to calculate a federal prisoner's period of incarceration for the sentence imposed and to provide credit for time served is delegated to the Attorney General, who acts through the BOP. *Allen v. Nash*, 236 Fed.Appx. 779 (3rd Cir. 2007). Federal courts may consider a claim of error by the BOP through a 28 U.S.C. § 2241 petition for writ of habeas corpus after the prisoner has exhausted his administrative remedies by first presenting his claim to the BOP. *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000); *United States v. Sithithongtham*, 11 Fed.Appx. 657 (8th Cir. 2001).

Carl Wiley #64537-061                                              March 16, 2009
Federal Correctional Institution
P.O. Box 1000
Loretto, PA    15940            Case No. 04CR00117-04GH

Judge Wright,
    This letter is in regard to the September 28, 2008, resentencing hearing, whereas you resentenced me from a 60-month term to a 33-month term to run concurrently with an already concurrent 60-month term to that of the resentenced 33-month term. Therefore, the two terms were aggregated, the net result is that my federal sentence is now 80 months. Because of the two terms were aggregated I'm serving 20 months, eight days, extra now.
    Judge Wright, I'm requesting for you to modify my sentencing order to reflect the 33-month term that you imposed but minus the order for the 33-month to run concurrently. That'll clear up the confusion and allow the Bureau of Prisons, to correctly compute the time that I've to serve? The enclosed response from the Regional Director indicate the confusion for the inaccurate computation of the time that I must serve.
    Judge Wright, I won my appeal out of the Eighth Circuit Court of Appeals, for a harsh and unreasonable sentence and I'm now faced with an even more harsh predicament than before.

                                              Respectfully Submitted
                                              Carl Wiley

**WILEY, Carl**
Reg. No. 64537-061
Appeal No. 521121-R1
Page One

### PART B - RESPONSE

You appeal the decision of the Warden of FCI Loretto to deny your request for re-computation of your federal sentence. You contend the sentence was computed incorrectly. You feel your two concurrent sentences should be no longer than the greater of the two. You request the sentences be aggregated to be fully concurrent.

A review of your records reveals, on September 26, 2006, you were sentenced in the United States District Court for the Eastern District of Arkansas to 60 months. On June 3, 2008, you were sentenced in the United States District Court for the Southern District of Ohio to a 60-month concurrent term. On September 28, 2008, you were re-sentenced by the Eastern District of Arkansas to 33 months concurrent with the sentence you were serving from the Southern District of Ohio. The two terms were aggregated pursuant to 18 U.S.C. § 3584(c). When calculating aggregate concurrent sentences imposed at different times, the Bureau computes the commencement dates and full term dates for each separately (without application of prior custody credit) and uses the earliest start date and latest full term date to assess the length of sentence. Prior custody credit is then awarded to the aggregate term. Pursuant to 18 U.S.C. § 3585(a), each of your concurrent sentences began on the date each was imposed. Once aggregated, the net result is that your federal sentence is 60 months, plus the overlap period when only your 33-month sentence was running (20 months, eight days), for a total sentence of 80 months and eight days (six years, eight months and eight days). The overlap resulted because your 60-month term could not begin until the date it was imposed. Prior custody credit from February 8 to September 25, 2006 was then awarded to the aggregate term. Your sentence has been computed correctly. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: March 4, 2009

D. SCOTT DODRILL
Regional Director