IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

CARL WILEY,                           *
                                      *
           Petitioner,                *
                                      *      No. 4:04cr00117 SWW
vs.                                   *      (No. 4:09cv00774 SWW)
                                      *
                                      *
                                      *
UNITED STATES OF AMERICA              *
                                      *
           Respondent.                *

MEMORANDUM AND ORDER

Petitioner Carl Wiley pled guilty to conspiracy to commit commercial check fraud and was sentenced by Judge George Howard, Jr. to 60 months imprisonment to run consecutive to an undischarged sentence in the Southern District of Ohio, three years of supervised release, and ordered to pay $34,291.20 restitution. Petitioner appealed his sentence and the United States Court of Appeals for the Eighth Circuit concluded that the length of his sentence was unreasonable and remanded for resentencing.[1] Following a new sentencing hearing, this Court sentenced petitioner to 33 months imprisonment to run concurrent with the sentence that petitioner is currently serving in the Southern District of Ohio, three years supervised release, and ordered petitioner to pay $34,291.20 restitution. Petitioner did not appeal his new sentence.

Now before the Court is petitioner's pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence [doc.#251] on grounds that the concurrent sentences have been computed incorrectly by the Bureau of Prisons (BOP). Petitioner claims that the manner in which the sentences have been computed "constitute[s] illegal imposed concurrent terms of aggregated

---

[1] Judge Howard died while the case was on appeal and the case was reassigned to this Court.

concurrent sentences, that has caused an overlap period." For the reasons that follow, the Court denies petitioner's § 2255 motion.

A claim attacking the execution of a sentence is not cognizable under § 2255 but should be brought in a 28 U.S.C. § 2241 habeas petition. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). *See also*, *Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002) (noting that a petitioner may attack the execution of his sentence through § 2241 whereas a challenge to the validity of the sentence itself must be brought under § 2255); *Bell v. United States*, 48 F.3d 1042, 1043 (8th Cir. 1995) (a claim attacking the execution of a sentence is not cognizable under § 2255 but is properly raised in a § 2241 petition). If a petitioner desires to attack the execution of his or her sentence, he or she must file a § 2241 petition in the district of confinement, District of Columbia, or district in which the BOP maintains a regional office. *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); *United States v. Feist*, Nos. 08-3894, 09-1304, 2009 WL 3151832, at *1 (8th Cir. Oct. 2, 2009) (per curiam).

In the instant case, petitioner asserts that his sentence has been "computed incorrectly." This claim attacks the manner of execution and not the validity of his sentence. Accordingly, this claim is properly brought in a habeas petition pursuant to § 2241 and may not be pursued in a § 2255 motion.[2] In addition, because petitioner is asserting an error in the execution of his sentence, he may only file his § 2241 petition in the district of confinement, District of Columbia, or district in which the BOP maintains a regional office. Petitioner is currently confined at a

---

[2] By Order dated April 1, 2009 [doc.#249], this Court, in response to a letter from petitioner challenging the manner in which the BOP is calculating his sentence and prior to his filing the § 2255 motion now before the Court, informed petitioner that federal courts may consider a claim of error by the BOP through a § 2241 petition for writ of habeas corpus after the prisoner has exhausted his administrative remedies by first presenting his claim to the BOP.

federal correctional facility in Loretto, Pennsylvania, and the BOP does not maintain a regional office in this district.

      IT IS THEREFORE ORDERED that petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence be and it hereby is denied.

      Dated this 28th day of October 2009.

      /s/Susan Webber Wright

      UNITED STATES DISTRICT JUDGE